## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JOBCONNECTION SERVICES, INC., a Pennsylvania Corporation,**<br><br>       **Plaintiff,**<br><br>  v.<br><br>**JOSE MUNOZ, ROBERTO ABREU, and RIGHT HAND STAFFING SOLUTIONS, LLC**<br><br>       **Defendants.** | Civ. No. 2:13-3901 (WJM) |
| **JOSE MUNOZ and ROBERTO ABREU,**<br><br>       **Plaintiff,**<br><br>  v.<br><br>**BRECKENRIDGE ENTERPRISES, INC. and SOUTH EAST PERSONNEL LEASING, INC.,**<br><br>       **Defendants.** | **OPINION & ORDER** |

1

**WILLIAM J. MARTINI, U.S.D.J.:**

Plaintiff Job Connection Services Inc. ("JCS") moves for this Court to hold Jose Munoz and Right Hand Staffing Solutions, LLC (collectively, "Defendants") in civil contempt for failing to comply with a prior order and judgment. Because civil contempt is generally not an appropriate vehicle for enforcing a money judgment, JCS' motion will be **DENIED**.

## I.    BACKGROUND

JCS is in the business of providing staffing support and other human resources services to employers in a variety of industries. Munoz is a former JCS employee who subsequently left the company to form Defendant Right Hand Staffing Solutions, LLC ("Right Hand"). In June 2013, JCS filed a lawsuit alleging that Munoz, through his work at Right Hand, breached various non-compete clauses that were contained in his employment agreement with JCS. In September 2013, the parties settled the matter and executed a consent order ("the Consent Order"). As part of the settlement, the Court agreed to "retain jurisdiction over any dispute involving [the] Consent Order."

Later, it became apparent that Defendants were violating the Consent Order by doing business with restricted customers. After taking discovery, JCS filed a motion to enforce the Consent Order. The Court granted the motion and issued an order and judgment awarding JCS $28,194.20. In a subsequent order and judgment issued on September 18, 2015 (hereinafter "the Order and Judgment"), the Court reduced that amount to $19,291.50 in fees and $1,121.41 in costs.

The parties do not dispute that Defendants have failed to pay JCS under the Order and Judgment. Munoz claims that he is currently facing financial difficulties and is therefore unable to pay what is owed to JCS. Munoz further claims that he offered to pay JCS in installments, but that JCS refused.

JCS now moves for this Court to enforce the Order and Judgment and to hold Defendants in contempt. Specifically, JCS contends that Munoz should "be arrested and held in civil confinement until [D]efendants comply fully with the [Order and Judgment]."

## II.    ANALYSIS

A party seeking to have an adversary held in civil contempt must establish the following three elements by clear and convincing evidence: (1) there is a valid court order; (2) the adversary had knowledge of that order; and (3) the adversary disobeyed that order. *Roe v. Operation Rescue*, 919 F.2d 857, 868 (3d Cir. 1990). Moreover, where civil contempt is warranted, district courts have broad discretion in fashioning an appropriate remedy, including incarceration. *See Andrews v. Holloway*, 256 F.R.D. 136, 148 (D.N.J. 2009) (citing *Northeast Women's Ctr., Inc. v. McMonagle*, 939 F.2d 57, 70 (3d Cir. 1991)).

At first blush, it may seem that contempt is warranted in this case: it is undisputed that (1) the Order and Judgment exists; (2) Defendants are aware of it; and (3) Defendants have failed to comply with its terms. However, JCS' motion ignores the fact that "[a] money judgment is enforced by a writ of execution, unless the court directs otherwise." *See* Fed.R.Civ.P. 69(a). Interpreting that rule, courts have routinely held that "[a]lternative methods of enforcement are not favored unless a writ would be an inadequate remedy, and contempt sanctions should be imposed as an enforcement method only in exceptional circumstances." *New Jersey Bld'g Laborers' Statewide Benefit Funds and the Trustees Thereof v. General Civil Corp.*, Civ. No. 08-6056, 2009 WL 2778313, *2 (D.N.J. Sept. 1, 2009) (citing Moore's Federal Practice § 69.02 (3d ed. 2003)). Moreover, because "an award of fees and costs is a money judgment, 'the appropriate remedy is a writ of execution, not a finding of contempt.'" *See Nissan World, LLC v. Market Scan Information Sys., Inc.*, Civ. No. 05-2839, 2014 WL 1716451, *27 (D.N.J. Apr. 30, 2014) (citing *Combs v. Ruan's Coal Co.*, 785 F.2d 970, 980 (11th Cir. 1986)). *See also Ardex Labs., Inc. v. Cooperider*, 319 F.Supp.2d 507, 509 (E.D.Pa. 2004) ("Ordinarily, [a] plaintiff must seek enforcement of an order that awards attorney fees through a writ of execution.")

Here, JCS has not even attempted to obtain relief through a writ of execution; instead it has chosen to jump the gun[1] by arguing for Munoz's incarceration pending satisfaction of the Order and Judgment. Even if a writ of execution were not the favored method of enforcing a judgment, JCS' proposed solution would nonetheless be, at this point in time, impermissibly draconian. *Cf. Andrews*, 256 F.R.D. at 148 ("[W]here the potential remedy is incarceration, this Court will tread carefully.")

At the very least, JCS' motion is premature.[2] As Rule 69(a) dictates, JCS should first seek to enforce the Order and Judgment through a writ of execution. JCS' motion will therefore be denied without prejudice.

---

[1] *Andrews*, a case upon which JCS relies, shows just how dire the circumstances must be to warrant the contempt sanction of incarceration. In that case, the defendant had not only failed to satisfy a judgment *twelve years* after it was entered, he also repeatedly and willfully evaded discovery requests that were aimed at determining whether he was concealing assets. *See Andrews*, 256 F.R.D. 148-50. Exceptional circumstances of that sort are not present in this case.

[2] JCS points out that the Order and Judgment contemplates the possibility of holding Defendants in contempt for failure to comply. Notwithstanding that language, JCS has not come close to demonstrating exceptional circumstances that would warrant the imposition of civil contempt.

**III.    CONCLUSION**

For the reasons set forth in this opinion; and for good cause appearing;

**IT IS** on this 21st day of April 2016, hereby

**ORDERED** that JCS' motion is **DENIED WITHOUT PREJUDICE**.


                                        /s/ William J. Martini
                                **WILLIAM J. MARTINI, U.S.D.J.**

4